UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JANET PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:15-cv-317 |
| ) | |
| MENARD, INC., d/b/a ) | |
| MENARD'S (as filed), ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE**

Defendant Menard, Inc. (improperly named in the caption as "MENARD, INC., d/b/a MENARD'S" and hereinafter referred to as "Menard"), by counsel, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, respectfully moves this Court for an Order dismissing the Complaint filed by plaintiff Janet Payne ("Payne"). In support of this *Motion*, Menard states:

1. According to her Complaint, Payne alleges violations of the Americans with Disabilities Act of 1990, 43 U.S.C. § 12101, et seq., as amended, the Age Discrimination in Employment Act (ADEA) 29 U.S.C § 621, et seq., and a state law claim under the Indiana Worker's Compensation Act. (DE #1)

2. Payne first began working for Menard on April 27, 2006 as a part-time cashier at the Menard retail store d/b/a Menards® located at 351 Silhavy Road Valparaiso, Indiana 46383-4462.

3. On April 27, 2006, Payne and Menard executed a one-page document entitled "EMPLOYEE AGREEMENT" ("Agreement"). The Agreement sets forth the terms and conditions of employment between Payne and Menard. Relevant to

1

this *Motion*, the Agreement contains a mandatory arbitration clause, which requires Payne to submit her claims to binding arbitration; and states as follows:

**6. Remedy.** I agree that all problems, claims, and disputes experienced within my work area shall first be resolved as outlined in the Team Member Relations section of the Grow With Menards Team Member Information Booklet which I have received. If I am unable to resolve the dispute by these means, I agree to submit to final and binding arbitration. Problems, claims, or disputes subject to binding arbitration include, but are not limited to: statutory claims under 42 U.S.C. § 1981, Age Discrimination in Employment Act, Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, Americans with Disabilities Act, Family Medical Leave Act, and non-statutory claims such as contractual claims, quasi-contractual claims, tort claims, and any and all causes of action arising under state laws or common law.

> These claims shall be resolved by binding arbitration with the American Arbitration Association ("AAA") located at 225 North Michigan Avenue, Suite 252, Chicago, Illinois 60601-7601 under its current version of the National Rules for the Resolution of Employment Disputes. I understand that the AAA National Rules for the Resolution of Employment Disputes shall govern the fees in this matter, and that the costs of filing a demand for arbitration will not exceed the costs of filing a civil complaint in federal court. A copy of the National Rules for the Resolution of Employment Disputes and fee schedule of the American Arbitration Association may be obtained by contacting it at the address listed above.
>
> I agree that all arbitrators selected shall be attorneys. This provision shall supersede any contrary rule or provision of the forum state.
>
> **Nothing in this Agreement infringes on my ability to file a claim or charge of discrimination with the U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge, issuing a determination, filing a lawsuit in Federal or state court in their own name, or taking any other action authorized under these statutes. I understand that I have the right to participate in such action.**
>
> Menard, Inc. is engaged in commerce using U.S. Mail and telephone service. Therefore, the Agreement is subject to the Federal Arbitration Act, U.S.C. Sections 1 – 14 as amended from time to time. (¶ 6 Agreement)

4. Under the Agreement, Payne and Menard agreed to submit all claims and disputes that they are unable to resolve to binding arbitration with the American Arbitration Association.

5. Payne breached the Agreement by refusing to arbitrate her claims and filing this Complaint in the United States District Court for the Northern District of Indiana.

6. Menard requests that this Court dismiss Payne's Complaint under Rule 12(b)(3) for improper venue.

7. Menard's Brief in Support of this Motion and supporting affidavit have been filed contemporaneously herewith.

WHEREFORE, defendant, Menard, by counsel, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure respectfully requests that plaintiff's Complaint be dismissed for improper venue and in accord with the parties' written agreement to arbitrate.

**DATED: October 9, 2015**　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　MENARD, INC.

　　　　　　　　　　　　　　　　　　　　　　___s/ Michael J. O'Brien_____
　　　　　　　　　　　　　　　　　　　　　　Michael J. O'Brien #25035-45
　　　　　　　　　　　　　　　　　　　　　　5101 Menard Drive
　　　　　　　　　　　　　　　　　　　　　　Eau Claire, WI 54703
　　　　　　　　　　　　　　　　　　　　　　715-876-2971
　　　　　　　　　　　　　　　　　　　　　　715-876-5963
　　　　　　　　　　　　　　　　　　　　　　mobrien@menard-inc.com

　　　　　　　　　　　　　　　　　　　　　　Attorney for defendant Menard, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2015, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE" was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> Marissa McDermott
> McDermott Law Office
> 9013 Indianapolis Blvd.
> Highland, IN 46322
> marissa@mcdermottlegal.net

>                                         _s/ Michael J. O'Brien_____
>                                         Michael J. O'Brien